EX PARTE TIM INGRAM.

No. 11807.   Delivered April 11, 1928.

**Habeas Corpus—To Secure Bail—Bail Granted.**

Where appellant, charged with robbery with firearms, was refused bail in the District Court, and the state's evidence of his identification was weak, and no gun was fired, and no one struck or hurt in the perpetration of the robbery, bail will be granted in the sum of $4,000.

Appeal from the District Court of Eastland County.   Tried below before the Hon. Elzo Bean, Judge.

Appeal from an order of the District Court, refusing bail. Reversed and bail granted.

The opinion states the case.

*J. Lee Cearly* of Cisco, for relator.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—From an order of the District Court of Eastland County refusing bail, appellant brings this appeal.

A Mr. Allen testified that on the occasion in question he was held up by two men in the nighttime, one of whom had a gun,

and was compelled by them to open his safe and deliver to them some fifty dollars in money. His identification of appellant as one of said parties, was wholly by voice, as Mr. Allen testified that the two men had handkerchiefs over their faces. He said some one called him to come down to his store to give them some medicine, and that he was at his home and in bed at the time. He testified that he dressed and went down to the store, and as he approached the store another man than appellant presented a gun and told him to stick them up, and later told him to go in the house and open the safe. He said he had a flash-light and used it in opening the safe, but that he did not turn the flash-light in the faces of the men. No one was injured in any way during the occurrence. The defense was an alibi, and appellant introduced several witnesses who testified to the fact that he was at home on the night in question. He seems to have been reared in the country adjacent. We are not inclined to believe the facts, so far as developed, show the commission of an offense for which a jury upon a trial would inflict the death penalty. We think enough has been stated of the facts to afford justification for our conclusion. No gun was fired. No one was struck or hurt. Waiving the question of alibi, and viewing the matter from the standpoint of the state, we have serious doubt as to the sufficiency of the evidence to support a verdict inflicting the death penalty. So believing, we are of opinion the learned trial judge fell into error in refusing bail.

The judgment of the trial court will be reversed and bail granted in the sum of $4,000.

*Reversed and bail granted.*